# EXHIBIT B

# PROPRIETARY INFORMATION, NON-COMPETE, NON-SOLICITATION AND INVENTION ASSIGNMENT AGREEMENT

THIS AGREEMENT is between HORMEL FOODS CORPORATION and _____ Jeremy Rummel ("the Employee"). As used in this Agreement, "Hormel" means Hormel Foods Corporation and any existing or future subsidiaries, business units, or divisions owned or controlled, directly or indirectly, by it.

Hormel's business is highly competitive and it has invested considerable sums of money in developing trade secret information. While employed by Hormel, Hormel represents and Employee acknowledges the Employee will be provided access to and entrusted with its trade secrets. In consideration of the employment, wages, salary and other benefits provided to the Employee by Hormel, and of the access to Hormel's trade secrets, the Employee agrees to the covenants and agreements contained in this Agreement. The Employee further agrees that these covenants and agreements are reasonable and necessary to protect Hormel's legitimate business interests.

Therefore, in consideration of the covenants and agreements contained herein, the parties agree as follows:

1. The Employee acknowledges that they have had an opportunity to review this Agreement and to consult with an attorney before entering into it, and that the Employee enters into this Agreement of their own free will. The Employee further acknowledges that nothing in this Agreement will entitle the Employee to employment with Hormel for any term or through any specific date. The Employee's employment with Hormel is "at-will" and may be terminated by either party at any time, with or without cause, for no reason or for any reason.

2. The Employee warrants that prior to entering into this Agreement the Employee has disclosed to Hormel any agreements that would prevent them from performing any duties for Hormel.

3. The Employee represents that their employment with Hormel and their compliance with this Agreement do not and will not breach any agreement to keep in confidence information acquired by the Employee prior to or outside of their employment with Hormel. Employee warrants that they have not brought and will not bring with them to Hormel for use or disclosure in the performance of the their duties with Hormel any materials, documents or information of a former employer or any third party that are not generally available to the public, unless the they have obtained express written authorization from the owner for their possession and use by or for Hormel. The Employee represents that they have not entered into, and agrees that the Employee will not enter into, any agreement, either oral or written, in conflict with this Agreement.

4. During the period of employment, Hormel will provide the Employee with PROPRIETARY INFORMATION which will be helpful and necessary for the Employee to perform the Employee's duties.

As used in this Agreement, "**PROPRIETARY INFORMATION**" means information that is not generally known outside of Hormel including, but not limited to, formulas, patterns, compilations, programs, devices, methods, techniques, processes, systems, research, development, designs, accounting, finance, plans, customer information, personnel information, and pricing policies. The Employee acknowledges that Hormel specifically claims this information constitutes its PROPRIETARY INFORMATION.

5. The Employee will not at any time, either during or after their employment by Hormel, use or disclose, directly or indirectly, any Hormel PROPRIETARY INFORMATION, except on behalf of Hormel. Further, the Employee will not at any time, either during or after their employment by Hormel, use or disclose, directly or indirectly, any information Hormel has received from third parties that Hormel has agreed to keep confidential, except for the exclusive benefit of Hormel as is required by their duties for Hormel and consistent with Hormel's confidentiality obligations.

The obligations relating to PROPRIETARY INFORMATION in this Agreement shall not apply when the PROPRIETARY INFORMATION is disclosed in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney, for the sole purpose of reporting or investigating a suspected violation of law. The Employee has the right to disclose PROPRIETARY INFORMATION in a complaint, other document filed in a lawsuit, or other proceeding, but only if the filing is made under seal and protected from public disclosure.

11/12/2019 -S

6. The Employee will not at any time during the Employee's employment by Hormel (a) be engaged in any other business activity that in any way interferes with the performance of the Employee's duties to Hormel or represents an unreasonable risk of compromising Hormel's PROPRIETARY INFORMATION, or (b) own, operate, or render services, directly or indirectly, to a CONFLICTING ORGANIZATION.

As used in this Agreement, "**CONFLICTING ORGANIZATION**" means any person or organization (including one owned in whole or in part by the Employee) which is engaged in or planning to become engaged in, the research or development, production, marketing, leasing, selling or servicing of a CONFLICTING PRODUCT.

As used in this Agreement, "**CONFLICTING PRODUCT**" means any product, product line, process, system or service of any person or organization other than Hormel, in existence or under development, which is the same as, similar to, derived from, improves upon, competes with, or will compete with a product, product line, process, system or service about which the Employee acquires PROPRIETARY INFORMATION as a result of the Employee's employment by Hormel or which the Employee either worked on or sold during the last two (2) years of their employment with Hormel.

7. Subject to the provisions of Paragraph 9, the Employee is free at any time to leave the employment of Hormel upon proper notice and, subject to the limitations set forth herein, accept any job that utilizes the Employee's general education and skills except one that would create an unreasonable risk of compromising Hormel's PROPRIETARY INFORMATION.

8. Upon termination, the Employee will return to Hormel in good order all documents, records, electronic storage media containing Hormel's PROPRIETARY INFORMATION or other confidential information, including all copies or specimens thereof in the Employee's possession (whether at the Employee's place of work, at home, or elsewhere) that have been prepared by the Employee or others at Hormel. The Employee will also return all credit cards, computers, keys, passwords, automobiles, tools, equipment, and any other Hormel property in the Employee's possession.

9. In order to protect Hormel's PROPRIETARY INFORMATION, for a period of one (1) year after the Employee's termination of employment by Hormel for any reason:

    A. Non-Compete. The Employee will not render services, directly or indirectly, to any CONFLICTING ORGANIZATION, except that the Employee may accept employment with or provide services to a CONFLICTING ORGANIZATION whose business is diversified (and which has separate and distinct divisions), provided the Employee does not render services, directly or indirectly, that relate to or are in connection with a CONFLICTING PRODUCT and/or about which the Employee acquired Hormel's PROPRIETARY INFORMATION during the Employee's employment with Hormel.

    B. If the Employee has reason to believe that their new employer will be or may be a CONFLICTING ORGANIZATION, the Employee will give notice to Hormel prior to commencing work with or rendering any services to the new employer and will not render such services absent Hormel's prior written approval. The Employee also will inform any new employer, prior to accepting employment, of the existence of this Agreement and provide such employer with a copy of it. Prior to the Employee accepting employment with a CONFLICTING ORGANIZATION, the Employee will obtain written assurances satisfactory to Hormel from the CONFLICTING ORGANIZATION and the Employee stating that the Employee will, for a period of one (1) year, abide by the express provisions of the Agreement.

    C. Non-Solicitation of Customers. The Employee will not, directly or indirectly, promote, market, advertise, solicit or sell, or assist others in promoting, marketing, advertising, soliciting, or selling, any CONFLICTING PRODUCT to:

        (i) any customer of Hormel with whom the Employee, or someone who the Employee supervised, called upon or did business with during the last two (2) years of the Employee's employment with Hormel, or

        (ii) any prospective customer of Hormel with whom the Employee, or someone the Employee supervised, solicited or called upon during the last two (2) years of the Employee's employment with Hormel.

11/12/2019                          2

    D.  Non-Solicitation of Employees.  The Employee will not, directly or indirectly, personally or through another person, hire, assist in the hiring of, or attempt to hire any of Hormel's employees or consultants; or attempt to induce or influence any of Hormel's employees or consultants to terminate their relationships with Hormel.

    E.  The running of the one (1) year restricted period referenced in Paragraph 9 will be tolled for any time the Employee, during the one (1) year restricted period, provides services to a CONFLICTING ORGANIZATION later found to be in violation of any covenant contained in Paragraph 9 of this Agreement.

    F.  Paragraph 9 is not applicable if the Employee worked in California, North Dakota, Oklahoma as of the date their employment with Hormel terminated.

  10. The Employee agrees to assign and hereby assigns to Hormel all right, title and interest in and to INVENTIONS made, authored, or conceived by the Employee, either solely or jointly with others, during employment with Hormel, and for one (1) year after termination of such employment.  As used in this Agreement, **"INVENTIONS"** means discoveries, developments, improvements, trade secrets, trademarks, concepts, and original works of authorship, whether or not patentable, registrable or copyrightable.  During such employment and for one (1) year following termination of employment, the Employee will:

    A.  Promptly make full written disclosure of all INVENTIONS to Hormel.

    B.  Keep accurate records of all INVENTIONS, which records will be the exclusive property of Hormel and will be retained on Hormel's premises.

    C.  Return all records of INVENTIONS including any notes, memoranda, notebooks, drawings or other documents, made by, compiled by, or delivered to the Employee during the Employee's period of employment to Hormel at the time of termination of employment or at any other time upon request of Hormel.

    D.  Execute any papers necessary for the protection of Hormel's INVENTIONS, including papers necessary to obtain U.S. or foreign patents, whenever requested by Hormel, both during and after employment with Hormel without separate or additional compensation.

  Paragraph 10 of this Agreement does not apply to INVENTIONS for which no equipment, supplies, facility or trade secret of Hormel was used or which was developed entirely on the Employee's own time, and (1) which does not relate (a) directly to Hormel's business or (b) to Hormel's actual or demonstrably anticipated research or development, or (2) which does not result from any work performed by the Employee for Hormel.  This includes INVENTIONS conceived by the Employee prior to employment with Hormel, which are described by the Employee in Exhibit A attached hereto.  If no Exhibit A is attached, the Employee represents there are no such prior INVENTIONS.

  11. In the event the Employee breaches this Agreement, all benefits and bonuses (including but not limited to stock options, survivor income benefits, and long-term incentives) to which the Employee would otherwise be entitled will be forfeited as provided by the respective plan documents for each such benefit program to the maximum extent allowed under applicable law.  In the case of benefits where there are no plan documents, if any, such benefits will be forfeited or Hormel subsidies of such benefits will be forfeited, whichever meets Hormel's minimum obligations under applicable law.

  12. This Agreement will be construed, interpreted and governed by the laws of the State of Minnesota although it is intended for general use throughout the United States.  If any provision of this Agreement is held to be invalid or unenforceable by a court of competent jurisdiction, such holding will not invalidate any of the other provisions of this Agreement, it being intended that the Agreement will be construed as if such provision is not contained herein so far as enforcement of the Agreement against the Employee in that particular jurisdiction is concerned.

  13. In any proceeding brought to enforce Hormel's rights hereunder, in addition to any injunctive relief to which Hormel may be entitled, damages recoverable will include, without limitation, court costs and reimbursement of Hormel's attorneys' fees and disbursements.

11/12/2019              3

14.     This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter herein and there are no other terms other than those contained herein. No variation or modification to the Agreement will be deemed valid unless in writing and signed by the parties hereto and no discharge of the terms hereof will be deemed valid unless by full performance of the parties hereto or by a writing signed by the parties hereto.

15.     All notices to be sent to Hormel will be addressed as follows: Legal Department, Hormel Foods Corporation, 1 Hormel Place, Austin, Minnesota 55912.

I have carefully read and understand and agree to all the terms of this Agreement.

Date Signed  12-11-19

_____
Employee's Signature

_____Jeremy Rummel_____
Employee's Name (Print)

ACCEPTED FOR HORMEL BY:

_____
Signature

_____Janet L Hogan_____
Name (Print)

_____Sr VP Human Resources_____
Title

11/12/2019                                          4